IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| XPOINT TECHNOLOGIES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 09-0628-SLR |
| | ) | |
| MICROSOFT CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] ORDER**

At Wilmington this _____ day of February, 2010, the parties having satisfied their

obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling

conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1.    **Pre-Discovery Disclosures**.  The parties will exchange by February 26,

2010 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.    **Discovery**.

(a)    The issues of willfulness and damages shall be bifurcated for

purposes of discovery and trial, unless good cause is shown otherwise.

(b)    Discovery will be needed on the following subjects: infringement,

invalidity, and unenforceability of the asserted patents.

(c)    All fact discovery shall be commenced in time to be completed by

March 31, 2011.

(1)     **Interrogatories**.  Maximum of 40 interrogatories by each party and related entities to any other party and related entities.[1]

(2)     **Contention Interrogatories**.  [**Plaintiff proposes**: In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof.  The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; *i.e.*, the more detail a party provides, the more detail a party shall receive.

**Defendants propose**: Contention interrogatories regarding infringement, if served, shall first be addressed by plaintiff on or before April 1, 2010 (or 30 days after service of such interrogatories, if later).  Contention interrogatories regarding invalidity, if served, shall first be addressed by defendants on or before May 24, 2010 (or 30 days after service of such interrogatories, if later).  All other contention interrogatories, if served, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof.  The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; *i.e.*, the more detail a party provides, the more detail a party shall receive.]

---

[1]     The parties and their related entities for the purposes of this Order are as follows:  (1) Microsoft Corporation, (2) Intel Corporation, (3) Marvell Semiconductor, Inc., (4) Hewlett-Packard Co., (5) Cypress Semiconductor Corporation, (6) Quicklogic Corporation, (7) Qualcomm Inc., (8) Freescale Semiconductor Holdings I, Ltd., and Freescale Semiconductor, Inc., (9) Texas Instruments Inc., (10) Alacritech, Inc., (11) Google Inc., (12) T-Mobile USA, Inc., (13) HTC Corporation, and HTC America, Inc., (14) Apple Inc., (15) Sony Ericsson Mobile Communications Ab, and Sony Ericsson Mobile Communications (USA), Inc., (16) Koninklijke Philips Electronics N.V., and Philips Electronics North America Corporation, (17) LG Electronics, Inc., and LG Electronics Mobilecomm USA, Inc., (18) Research In Motion Ltd., and Research In Motion Corporation, (19) Motorola, Inc., (20) Nokia Corporation, and Nokia Inc., (21) Palm, Inc., (22) Nvidia Corporation, (23) Advanced Micro Devices, Inc., (24) Dell Inc., (25) Toshiba Corporation and Toshiba America Information Systems, Inc., (26) Asustek Computer Inc., and Asus Computer International, (27) Acer Inc., and Acer America Corporation, (28) Cisco Systems, Inc., (29) Zoran Corporation, (30) AT&T Mobility LLC, (31) Cellco Partnership, (32) Sprint Nextel Corporation, and (33) Xpoint Technologies, Inc.

(3)      **Requests for admission**.  Maximum of 50 requests for admission by each party and related entities to any other party and related entities, except that there shall be no limit on the number of requests for admission related to eliminating evidentiary issues for trial (*e.g.*, authentication of documents).

(4) **E-discovery**.  [**Plaintiff proposes**: Discovery of paper and electronic documents (hereafter "e-discovery") shall be completed on or before November 15, 2010.  In the absence of agreement among the parties or by order of the court: (i) e-discovery shall be limited to the initial custodians and other electronic storage areas reasonably likely to contain relevant materials that are identified through a meeting between the parties, which shall occur within 30 days after service of initial disclosures; (ii) e-discovery shall be limited to a term of five (5) years, except with respect to certain items that occurred prior to the five (5) year term, such as the development and prosecution of the patent-in-suit, interaction with certain defendants by plaintiff about the technology at issue, the development, use and promotion of defendants' respective accused technologies and products, and defendants' knowledge of the patent-in-suit; (iii) on or before August 31, 2010, each party may request e-discovery of additional custodians or electronic storage areas or for additional years, for good cause shown, with the understanding that the parties shall negotiate in good faith regarding such matters; and (iv) no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of e-discovery.  Disputes regarding e-discovery shall be addressed through the provisions of Section 2. (f) below.

**Defendants propose**: Discovery of paper and electronic documents (hereafter "e-discovery") shall be completed on or before November 15, 2010.  In the absence of agreement among the parties or by order of the court: (i) e-discovery shall be limited to the initial

custodians and other electronic storage areas reasonably likely to contain relevant materials that are identified through a meeting between the parties, which shall occur within 30 days after service of initial disclosures; (ii) e-discovery shall be limited to a term of five (5) years; (iii) on or before June 14, 2010, each party may request e-discovery of additional custodians or for additional years, for good cause shown, with the understanding that the parties shall negotiate in good faith regarding such matters; and (iv) no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of e-discovery.  Disputes regarding e-discovery shall be addressed through the provisions of Section 2. (f) below.]

(5)     **Depositions**.  [**Plaintiff proposes**:  Maximum of 50 hours of combined fact and Rule 30(b)(6) depositions of plaintiff and each defendant group.  Unless otherwise ordered by the Court, the defendant groups are: (1) Microsoft Corporation; (2) Intel Corporation; (3) Marvell Technology Group Ltd. and Marvell Semiconductor, Inc.; (4) Hewlett-Packard Company; (5) Cypress Semiconductor Corp.; (6) QuickLogic Corporation; (7) Qualcomm Inc.; (8) Freescale Semiconductor Holdings I, Ltd. and Freescale Semiconductor, Inc.; (9) Texas Instruments Inc.; (10) Alacritech, Inc.; (11) Google Inc.; (12) T-Mobile USA, Inc.; (13) HTC Corporation and HTC America, Inc.; (14) Apple Inc.; (15) Sony Ericsson Mobile Communications AB, and Sony Ericsson Mobile Communications (USA), Inc.; (16) Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation; (17) LG Electronics, Inc. and LG Electronics MobileComm USA, Inc.; (18) Research in Motion, Ltd. and Research in Motion Corporation; (19) Motorola, Inc.; (20) Nokia Corporation and Nokia Inc.; (21) Palm Inc.; (22) Nvidia Corporation; (23) Advanced Micro Devices, Inc.; (24) Dell Inc.; (25) Toshiba Corp. and Toshiba America Information Systems, Inc.; (26) ASUSTeK Computer Incorporated and ASUS Computer International; (27) Acer Inc. and Acer America Corp.; (28)

Cisco Systems, Inc.; (29) Zoran Corp.; (30) AT&T Mobility LLC; (31) Cellco Partnership; and (32) Sprint Nextel Corporation.  Each fact deposition shall be limited to a maximum of 7 hours unless extended by agreement of the parties (provided that the parties will negotiate in good faith as to the length of inventor and Xpoint CEO Frank Wang's deposition, which shall be no less than 14 hours in length).  Each 1.5 hours of deposition time involving the use of translation shall count as one hour for purposes of calculating the 50 hour and 7 hour limits (the parties will agree to negotiate in good faith if additional time is necessary due to issues associated with the translation of the deposition).  For common issues, plaintiff and defendants will endeavor to cooperate to minimize duplicative questions to the extent possible.

**Defendants propose**: Maximum of 50 hours of combined fact and Rule 30(b)(6) depositions of each defendant and related entities by plaintiff.  Maximum of 50 hours of combined fact and Rule 30(b)(6) depositions of plaintiff by each of four defendant groups. Defendants shall timely inform Plaintiff of the members of each group.  Each fact deposition taken by plaintiff or by each defendant group shall be limited to a maximum of 7 hours per deposition notice unless extended by agreement of the parties (provided that the parties will negotiate in good faith as to the length of inventor and Xpoint CEO Frank Wang's personal deposition).  Each 1.5 hours of deposition time involving the use of translation shall count as one hour for purposes of calculating the 50 hour and 7 hour limits (the parties will agree to negotiate in good faith if additional time is necessary due to issues associated with the translation of the deposition).  For common issues, plaintiff and defendants will endeavor to cooperate to minimize duplicative questions to the extent possible.]

(d)      Expert discovery shall be commenced in time to be completed by August 4, 2011.

(1)     Expert reports on issues for which the parties have the burden of proof due May 2, 2011.  Rebuttal expert reports due June 2, 2011.

(2)     **Time for expert depositions**.  Each party shall have a maximum of 10 hours of deposition time for each opposing party's expert witness, with the understanding that the parties will negotiate in good faith as to whether additional time is needed for experts serving reports on multiple issues.

(3)     All <u>Daubert</u> motions shall be due on March 1, 2012.

(e)     Supplementations under Rule 26(e) shall be made according to Rule 26(e)(1).

(f)     **Discovery Disputes**.  Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge to regulate all proceedings and take all measures necessary to manage discovery, conduct hearings on discovery disputes and rule on same.  Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement and/or discovery on the issues related to secondary considerations of obviousness.

(g)     **Fact Witnesses to be Called at Trial.**  Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial.  Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.  The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case.  Such deposition shall be held

6

within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

        (h)     **Discovery stay**.  **[Plaintiff proposes**: Plaintiff believes that Defendants' language proposing a discovery stay is unwarranted and should be rejected. **Certain Defendants propose**:

        Carrier Defendants (AT&T Mobility, Sprint, T-Mobile, Verizon Wireless, and Google) propose the following discovery stay: On or before March 12, 2010, Plaintiff will provide Defendants with a list of accused handsets and any licensees for the asserted patent, identifying each licensee.  On or before April 12, 2010, each Carrier Defendant will identify the manufacturer of the identified handsets to the extent such handsets are sold by that Carrier Defendant in the United States.  Discovery shall then be stayed as to such Carrier Defendants until at least January 21, 2011.  Before January 21, 2011, Plaintiff shall take reasonable efforts to join any identified, unlicensed handset manufacturers to the case.  On or before January 22, 2011, Plaintiff shall dismiss its claims without prejudice against each Carrier Defendant unless and only to the extent it was unable, through reasonable efforts, to add the manufacturers of the identified handsets for any such Defendant.

        Personal Computer Defendants and Cellular Handset Defendants (Dell, HTC, HTC America, Motorola, Palm, Sony Ericsson, Nokia, Sony Ericsson US, Cisco Systems, AsusTek, Asus, Acer Inc., Acer America Corp., RIM, Toshiba, Google, Microsoft (with respect to Zune products) Toshiba America, and HP propose the following discovery stay:  On or before March 12, 2010, Plaintiff will provide Defendants with a list of accused handsets and personal computers and any licensees for the asserted patent, identifying each licensee.  On or before

April 12, 2010, each Personal Computer Defendant and Cellular Handset Defendant shall list the applicable accused components used in identified personal computers and/or handsets to the extent they are sold by that Defendant in the United States.  Discovery shall then be stayed as to such Personal Computer Defendants and Cellular Handset Defendants until at least January 21, 2011.  Before January 21, 2011, Plaintiff shall take reasonable efforts to join any identified, unlicensed manufacturers of applicable accused components to the case.  On or before January 22, 2011, Plaintiff shall dismiss its claims without prejudice against each Personal Computer and Cellular Handset Defendant unless and only to the extent it was unable, through reasonable efforts, to add the manufacturers of the applicable accused components for any such Personal Computer Defendant or Cellular Handset Defendant.]

3.        **Joinder of other Parties and Amendment of Pleadings**.  All motions to join other parties and amend the pleadings shall be filed on or before January 27, 2011.

4.        **Settlement Conference**.  Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.  Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties informally to exchange discovery on any subject, including damages and willful infringement, in aid of settlement.

5.        **Claim Construction Issue Identification.**  If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms thirty (30) days before the end of fact discovery.  This document will not be filed with the court.  Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6.      **Summary Judgment Motions (only in cases where a jury demand has been made)**.  All summary judgment motions shall be served and filed with an opening brief on or before October 27, 2011.  Briefing shall be pursuant to D. Del. LR 7.1.2.  No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.  Response briefs shall be filed on or before November 24, 2011.  Reply briefs shall be filed on or before December 8, 2011.

7.      **Claim Construction**.  Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.  Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on April 14, 2011, with the claim chart separately docketed.  The parties will file simultaneous opening claim construction briefs on August 25, 2011.  Simultaneous response briefs should be filed by September 22, 2011.  Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion practice, if any.  The hearing on the claim construction and motion(s) for summary judgment will be heard on January 12, 2012 at _____ (time).

8.      **Applications by Motion**.  Any application to the court shall be by written motion filed with the clerk.  **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

(a)      Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

(b)      No telephone calls shall be made to chambers.

   (c)  Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov.  The e-mail shall provide a short statement describing the emergency.  NO ATTACHMENTS shall be submitted in connection with said e-mails.

   9.  **Motions in Limine**.  **No** motions *in limine* shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

   10.  **Status Conference.**  [**Plaintiff proposes**: In light of the scheduled Pretrial Conference below, this additional conference is unnecessary and premature, particularly since summary judgment motions will likely not be resolved at the summary judgment hearing.

   **Defendants propose**: A status conference will be held together with the claim construction and summary judgment hearing scheduled for January 12, 2012.  The parties will be prepared to advise the Court at that time regarding any settlements or other relevant developments, as well as to discuss the scope and number of trials necessary to resolve this matter.]

   11.  **Pretrial Conference**.  A pretrial conference will be held on April 2, 2012 at _____ (**time**) in Courtroom No. 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

   12.  **Trial**.  [**Plaintiff proposes**: This matter is scheduled for trial for six weeks or less (depending on the number of parties still litigating the case) commencing on May 7, 2012

in Courtroom No. 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

        **Defendants propose**: This matter is scheduled for one or more trials for six weeks or less (depending on the number of parties still litigating the case) commencing on May 7, 2012 in Courtroom No. 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.]

 

                              _____

                              United States District Judge