IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| XPOINT TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No.: 09-628 (SLR) |
| | ) | |
| MICROSOFT CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPENING BRIEF IN SUPPORT OF ALACRITECH'S RENEWED
<u>MOTION TO DISMISS XPOINT'S INDIRECT INFRINGEMENT CLAIMS</u>**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Melanie K. Sharp (No. 2501)
Erika R. Caesar (No. 5143)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P. O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

SILICON EDGE LAW GROUP LLP
Thomas W. Lathram
Mark A. Lauer
6601 Koll Center Parkway, Suite 245
Pleasanton, CA 94566
(925) 621-2110

*Attorneys for Defendant Alacritech, Inc.*

Dated: September 7, 2010

## TABLE OF CONTENTS

                                                                                                          Page

I. NATURE AND STAGE OF THE PROCEEDINGS ................................................... 1

II. SUMMARY OF ARGUMENT ................................................................................... 1

III. STATEMENT OF FACTS .......................................................................................... 3

IV. ARGUMENT ............................................................................................................... 4

    A. Legal Standards ................................................................................................... 4

        1. Legal Standard for a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss ................................................................................................... 4

        2. Legal Standard for Pleading Indirect Patent Infringement .............................. 4

    B. The Second Amended Complaint Fails to State a Claim for Indirect Patent Infringement Against Alacritech and the Allegations of Indirect Infringement by Alacritech Should be Dismissed. ............................................................................................................ 7

V. CONCLUSION .......................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ............................................................ passim

*Bell Atl. Corp. v Twombly*,
    550 U.S. 544 (2007) ............................................................ 4, 5, 6, 7

*Bender v. LG Elecs. U.S.A., Inc.*,
    2010 U.S. Dist. LEXIS 33075 (N.D. Cal. Mar. 11, 2010) ............ 5

*C.R. Bard, Inc. v. Adv. Card. Sys., Inc.*,
    911 F.2d 670 (Fed. Cir. 1990) ............................................... 6

*Christopher v. Harbury*,
    536 U.S. 403 (2002) ............................................................ 4

*Cordance Corp. v. Amazon.com, Inc.*,
    639 F. Supp. 2d 406 (D. Del. 2009) ...................................... 8

*Desenberg v. Google, Inc.*,
    2009 U.S. Dist. LEXIS 66122 (S.D.N.Y. July 30, 2009) ............ 6

*DSU Med. Corp. v. JMS Co., Ltd.*,
    471 F.3d 1293 (Fed. Cir. 2006) ............................................ 6

*Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*,
    2010 U.S. Dist. LEXIS 57461 (E.D. Cal. June 9, 2010) ............. 6

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
    363 F.3d 1263 (Fed. Cir. 2004) ............................................ 5

*Elan Microelectronics Corp. v. Apple, Inc.*,
    2009 U.S. Dist. LEXIS 83715 (N.D. Cal. Sept. 14, 2009) .......... 5

*Eolas Techs., Inc. v. Adobe Sys.*,
    2010 U.S. Dist. LEXIS 58291 (E.D. Tex. May 6, 2010) ............. 5, 6

*Erickson v. Pardus*,
    551 U.S. 89 (2007) ............................................................. 4

*Halton Co. v. Streivor, Inc.*,
    2010 U.S. Dist. LEXIS 50649 (N.D. Cal. May 21, 2010) ........... 5, 6, 7

*Lucent Techs. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009) ............................................ 7

*Mallinckrodt Inc. v. E-Z-EM Inc.*
    670 F. Supp. 2d 349 (D. Del. 2009) ...................................... 5, 6

*Mallinckrodt Inc. v. E-Z-EM Inc.*
    2009 U.S. Dist. LEXIS 112586 (D. Del. 2009) ......................... 8

*Ondeo Nalco Co. v. Eka Chems., Inc.*,
    2002 U.S. Dist. LEXIS 26195 (D. Del. Aug. 10, 2002) .............. 5, 7

YCST01:10130321.1      068829.1001

*R&L Carriers, Inc. v. Affiliated Comp. Servs. (In re Bill of Lading Transmission & Processing Sys. Patent Litig.)*,
    695 F. Supp. 2d 680 (S.D. Ohio 2010) .................................................. 6, 7

*Realtime Data, LLC v. Stanley*,
    2010 U.S. Dist. LEXIS 58049 (E.D. Tex. May 7, 2010) .................................................. 5, 6

*Sharafabadi v. Pac. Northwest Farmers Coop.*,
    2010 U.S. Dist. LEXIS 2936 (W.D. Wash. Jan. 14, 2010) .................................................. 5

*Sharafabadi v. Univ. of Idaho*,
    2009 U.S. Dist. LEXIS 110904 (W.D. Wash. Nov. 27, 2009) .................................................. 5

*Shearing v. Optical Radiation Corp.*,
    1994 U.S. Dist. LEXIS 18937 (D. Nev. Mar. 25, 1994) .................................................. 5

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009) .................................................. 6

**Statutes**

35 U.S.C. § 271(b) .................................................. 2, 5, 6

35 U.S.C. § 271(c) .................................................. 2, 5, 6, 7

37 C.F.R. § 1.56 .................................................. 9

**Rules**

Federal Rule of Civil Procedure 12(b)(6) .................................................. 4

Federal Rule of Civil Procedure 8(a) .................................................. 4

YCST01:10130321.1      068829.1001

I.  **NATURE AND STAGE OF THE PROCEEDINGS**

On August 21, 2009, Plaintiff Xpoint Technologies, Inc. ("Xpoint" or "Plaintiff") filed its Complaint in the United States District Court for the District of Delaware against Microsoft Corporation and numerous other named defendants for infringement of U.S. Patent No. 5,913,028 ("'028 patent" or "patent-in-suit"), entitled "Client/Server Data Traffic Delivery System and Method." (D.I. 1)  On September 18, 2009, Xpoint filed its Amended Complaint, adding Alacritech, Inc. ("Alacritech") as a defendant in the Amended Complaint. (D.I. 32)  On December 18, 2009, Alacritech filed a motion to dismiss the Amended Complaint as to Alacritech pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (D.I. 164)  On August 12, 2010, the Court granted Alacritech's motion with respect to indirect infringement. (D.I. 433-34)  On August 20, 2010, Xpoint filed a Second Amended Complaint again alleging indirect infringement by Alacritech. (D.I. 439)  The allegations of indirect infringement in the Second Amended Complaint again fail to state a claim of indirect infringement by Alacritech.

II.  **SUMMARY OF ARGUMENT**

The Court's August 12, 2010 Memorandum Opinion notes the inadequacies of Xpoint's pleading of indirect infringement as to moving defendants RIM, AMD and Alacritech, and focuses on the glaring lack of sufficient allegations of knowledge of the patent-in-suit in the allegations as to all three defendants.  Xpoint has attempted to address this issue by adding a few factual allegations and a substantial amount of argument supporting the position that defendants could have known of the patent earlier than the filing of the Complaint.  As to defendant Alacritech, however, the lack of adequate pleading of knowledge of the patent is only one of the missing elements necessary to plead indirect infringement.  This subject is addressed below and in the renewed motions to dismiss by RIM and AMD.  The specific arguments presented are as follows:

1.  Amazingly, there are no Alacritech-specific factual allegations of any of the other elements of a claim for either inducing or contributing to the direct infringement of another. This is important because Xpoint has finally acknowledged that Alacritech's network cards do not infringe directly, they can only infringe when "installed in any server."[1] The Second Amended Complaint alleges as to Alacritech that infringement requires "direct transfer of data between intelligent I/O units [such as a network card and a storage controller], bypassing the CPU and main memory." (D.I. 439 ¶ 41) Alacritech's products are network cards. Such data transfer can only occur in a file server if the server, the operating system and the storage hardware and software support such direct transfer. But none of the other products or parties involved in the sale or use of a purportedly infringing file server are identified in the Second Amended Complaint. Alacritech's cards can be installed in any server that runs recent versions of Windows. In order to plead indirect infringement as to Alacritech, the Second Amended Complaint must include factual allegations as to the elements of a claim for indirect infringement.

2.  Pleading indirect infringement requires pleading that a corresponding act of direct infringement occurred by an entity other than the alleged indirect infringer, as well as pleading the additional elements specific to induced infringement (35 U.S.C. § 271(b)) or contributory infringement (35 U.S.C. § 271(c)). Xpoint's Second Amended Complaint fails even to allege that such a corresponding act of direct infringement occurred and fails even to name an entity other than Alacritech that allegedly performed such a corresponding act of direct infringement. In addition, although the Second Amended Complaint alleges general knowledge of the '028 patent by Alacritech due to the citation of the '028 patent along with myriad other references in Alacritech's own patent

---

[1] See Xpoint's response to Interrogatory No. 1 in Plaintiff's Responses and Objections to Alacritech, Inc.'s First Set of Interrogatories, a copy of which is attached hereto as Exhibit A. The response identifies Alacritech's accused products as products "installed in any server."

applications, the Second Amended Complaint fails to allege other elements required for contributory infringement or induced infringement. That is, even the allegation of the specific intent to cause another to infringe, as well as the pleading of any facts suggesting the specific intent to cause another entity to infringe, which are required for induced infringement, are absent. Similarly, the allegation as well as any facts that would imply that Alacritech knew that its products are a component of a patented machine or apparatus that infringes, and are especially made or especially adapted for use in an infringement of the '028 patent, and not suitable for substantial non-infringing use, all of which is required for contributory infringement, is also absent. Indeed, it is facially implausible to infer these additional elements, each of which is intertwined with direct infringement by another, when that direct infringement by another is missing.

### III.  STATEMENT OF FACTS

Akin to the first two complaints filed in this action, Xpoint's Second Amended Complaint sets forth indirect infringement allegations as to Alacritech in broad, conclusory form. D.I. 439 ¶¶ 41-44, 163. Specifically, and despite the Court's expressed criticism for such language, Xpoint continues to allege that Alacritech's accused products infringe the '028 Patent "directly and/or indirectly." *Id.* ¶ 163. Further, Xpoint newly alleges that Alacritech "had actual knowledge of the '028 Patent or deliberately avoided or disregarded a known risk that Xpoint had obtained patent protection for its Peer I/O technology on or about the date of the '028 Patent's issuance." *Id.* ¶ 42. Or, Xpoint alleges, Alacritech, "at the very least, had actual knowledge of the '028 Patent as of September 18, 2009, the filing date of the amended complaint that named Alacritech as a defendant." *Id.* ¶ 44. As set forth in this brief, these allegations and their purported supporting facts, are inadequate to establish a claim for indirect infringement.

IV. **ARGUMENT**

A. **Legal Standards**

1. **Legal Standard for a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss**

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 555 (2007) (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (alteration in original) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

2. **Legal Standard for Pleading Indirect Patent Infringement**

As several courts have held, the reasoning that the relatively rigorous pleading standards of *Twombly* and *Iqbal* do not apply to an allegation of direct infringement,

which can instead be pleaded in accordance with Form 18, is inapposite to claims of indirect infringement. *See, e.g., Halton Co. v. Streivor, Inc.*, 2010 U.S. Dist. LEXIS 50649 (N.D. Cal. May 21, 2010) (citing *Bender v. LG Elecs. U.S.A., Inc.*, 2010 U.S. Dist. LEXIS 33075 (N.D. Cal. Mar. 11, 2010) and *Elan Microelectronics Corp. v. Apple, Inc.*, 2009 U.S. Dist. LEXIS 83715 (N.D. Cal. Sept. 14, 2009)); *Sharafabadi v. Pac. Northwest Farmers Coop.*, 2010 U.S. Dist. LEXIS 2936 (W.D. Wash. Jan. 14, 2010); *Sharafabadi v. Univ. of Idaho*, 2009 U.S. Dist. LEXIS 110904, at *14-15 n.7 (W.D. Wash. Nov. 27, 2009).[2]

A claim of indirect infringement may be based on infringement by inducement (35 U.S.C. § 271 (b)) or on contributory infringement (35 U.S.C. § 271(c)). In either case, claims for indirect infringement cannot exist in the absence of direct infringement. *Mallinckrodt Inc. v. E-Z-EM Inc. (Mallinckrodt I)*, 670 F. Supp. 2d 349, 354 (D. Del. 2009)(citing *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004). In order to prevail on an indirect infringement claim, a plaintiff must first demonstrate direct infringement, then establish that the "defendant possessed the requisite knowledge or intent to be held vicariously liable." *Id.* Even before *Iqbal* and *Twombly*, this Court has held that induced infringement claims which failed to plead the predicate direct infringement by another are insufficient. *Ondeo Nalco Co. v. Eka Chems., Inc.*, 2002 U.S. Dist. LEXIS 26195, at *4-5 (D. Del. Aug. 10, 2002) (citing, in part, *Shearing v. Optical Radiation Corp.*, 1994 U.S. Dist. LEXIS 18937, at *3-5 (D. Nev. Mar. 25, 1994), which held that contributory as well as induced infringement claims which failed to plead direct infringement by another are insufficient). More recently, courts in other districts have come to a similar conclusion, requiring that direct infringement by someone other

---

[2] Although courts in the Eastern District of Texas have split on this issue, more recent decisions apply a more rigorous test for adequately pleading indirect infringement. *See Realtime Data, LLC v. Stanley*, 2010 U.S. Dist. LEXIS 58049, at *14-15 (E.D. Tex. May 7, 2010); *Eolas Techs., Inc. v. Adobe Sys.*, 2010 U.S. Dist. LEXIS 58291 (E.D. Tex. May 6, 2010).

5

than the alleged indirect infringer must be pleaded.[3] *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 2010 U.S. Dist. LEXIS 57461, at *6-7 (E.D. Cal. June 9, 2010); *Halton, supra*, at *5-6; *Realtime Data, LLC,* 2010 U.S. Dist. LEXIS 58049 at *14-15; *Eolas Techs., Inc.*, 2010 U.S. Dist. LEXIS 58291, at *15-16; *Desenberg v. Google, Inc.*, 2009 U.S. Dist. LEXIS 66122, at *25-26 (S.D.N.Y. July 30, 2009).

Inducement to infringe additionally requires "specific intent to encourage another's infringement and not merely that the defendant had knowledge of the acts alleged to constitute infringement." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc). "Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). "A person *induces* infringement under § 271(b) by actively and knowingly aiding and abetting another's direct infringement." *C.R. Bard, Inc. v. Adv. Card. Sys., Inc.*, 911 F.2d 670, 675 (Fed. Cir. 1990) (emphasis in original). To state a claim for inducement to infringe that provides "fair notice of the . . . claim and the grounds on which it rests" (*Twombly*, 550 U.S. at 555), and that passes the "plausibility" test of *Twombly* and *Iqbal,* plaintiff must identify the direct infringement and allege facts sufficient to show that the accused indirect infringer actively and knowingly aided and abetted that infringement. At a minimum, an infringement plaintiff must allege an affirmative intent to cause someone else to directly infringe the patent. *R&L Carriers, Inc. v. Affiliated Comp. Servs. (In re Bill of Lading Transmission & Processing Sys. Patent Litig.)*, 695 F. Supp. 2d 680, 685-686 (S.D. Ohio 2010); *Halton, supra*, at *5.

Regarding contributory infringement, 35 U.S.C. § 271(c) provides as follows:

---

[3] In *Mallinckrodt I*, the defendants did not contend that direct infringement by someone other than the alleged indirect infringer must be pleaded; instead, those defendants focused on insufficient pleading of knowledge of the patent. (1:09-cv-00228-JJF, D.I. 8 at 5).

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use, shall be liable as a contributory infringer.

"In order to succeed on a claim of contributory infringement, in addition to proving an act of direct infringement, plaintiff must show that defendant 'knew that the combination for which its components were especially made was both patented and infringing' and that defendant's components have 'no substantial non-infringing uses.'" *Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009) (citations omitted). To state a claim for contributory infringement that passes the test of *Twombly* and *Iqbal*, plaintiff must identify the direct infringement and must allege facts sufficient to meet the requirements of § 271(c). In addition to pleading the direct infringement by another, therefore, Xpoint must also allege that Alacritech's products are especially designed to be used by others to infringe, and that those products lack substantial noninfringing uses. *R&L Carriers, supra*, 686-687; *Halton, supra*, at *5-6.

### B. The Second Amended Complaint Fails to State a Claim for Indirect Patent Infringement Against Alacritech and the Allegations of Indirect Infringement by Alacritech Should be Dismissed

The allegations of indirect infringement by Alacritech are found in paragraphs 41-44 and 163 of the Second Amended Complaint.[4] Nowhere in the Second Amended Complaint does Xpoint provide facts or allegations of direct infringement by another, which are the predicate for an allegation of indirect infringement by Alacritech, as required by *Ondeo Nalco*. Nowhere in the Second Amended Complaint does Xpoint even recite additional elements such as specific intent or lack of substantial noninfringing use

---

[4] Paragraph 186 of the Second Amended Complaint also contains a general allegation of indirect infringement by all Defendants.

7

that would be needed to plead indirect infringement by Alacritech. In fact, the Second Amended Complaint again only alleges infringement in conditional language ("infringe, directly and/or indirectly," D.I. 439, ¶ 163) identical to that criticized by the Court in its Memorandum Opinion (D.I. 433, n.11).

This is in contrast to the Amended Complaint that was held to be sufficient in *Mallinckrodt Inc. v. E-Z-EM Inc. (Mallinckrodt II),* 2009 U.S. Dist. LEXIS 112586 (D. Del. 2009), which added paragraphs that pleaded induced infringement and contributory infringement separately from the allegation of direct infringement (1:09-cv-00228, D.I. 69, ¶¶ 13-14). In addition, although the Defendants in that case did not argue that the predicate direct infringement by another was required, that Amended Complaint at least recited "actively inducing the making, use, offer for sale, sale, and/or import of certain injectors and injector systems, including but not limited to MR suites with MR injectors marketed under the name EmpowerMR." *Id.* ¶ 13. In addition, that Amended Complaint alleged that Defendant "intends that others will use its injector systems in a manner that infringes the '434 patent." *Id.* Similarly, regarding contributory infringement, that Amended Complaint at least pleaded "a component of a machine… covered by the '434 patent…which is not …suitable for substantial noninfringing use," and that "Defendants know that the component…is especially made or especially adapted for use in infringement of the '434 patent." *Id.* ¶ 14.

The Second Amended Complaint does add the allegation that Alacritech had "actual knowledge of the '028 Patent or deliberately avoided or disregarded a known risk that Xpoint had obtained patent protection for its Peer I/O technology." (D.I. 439, ¶ 42). Citing a patent as a reference document by an outside patent attorney does not, however, constitute "actual knowledge" of the patent or any of its claims by the company that owns the patent, or even that the company "should have known" about the patent. *See Cordance Corp. v. Amazon.com, Inc.,* 639 F. Supp. 2d 406, 415-416 (D. Del. 2009). Instead, 37

8

C.F.R. § 1.56 imposes a duty upon an attorney applying for a patent to disclose all information that may be material to the application, and as such Alacritech has cited hundreds of reference documents in its patent applications.[5]

In addition to failing to allege the direct infringement required for the allegation of indirect infringement, nowhere in the Second Amended Complaint does Xpoint allege the "specific intent to encourage another's infringement," which is another required element of induced infringement. Moreover, it is illogical to infer such "specific intent to encourage another's infringement" when there is no corresponding direct infringement by another. For these reasons, Xpoint's latest conditional allegation of induced infringement by Alacritech is facially implausible, and fails to state a claim upon which relief can be granted.

Similarly, nowhere in the Second Amended Complaint does Xpoint allege the elements required for contributory infringement. In addition to failing to allege the direct infringement required for the allegation of indirect infringement, nowhere in the Second Amended Complaint does Xpoint allege the requisite "component of a patented machine . . . or apparatus for use in practicing a patented process," which again would be illogical to infer when there is no corresponding directly infringing machine or process. Moreover, the Second Amended Complaint also does not allege that Alacritech's component is "not a staple article or commodity of commerce suitable for substantial non-infringing use," which is also required for contributory infringement. Indeed, when there is no corresponding directly infringing use, every use by a component is non-infringing. For these reasons Xpoint's latest conditional allegation of contributory infringement by

---

[5] Typically, the descriptive portion of a patent provides the detailed information that is relevant to determining whether the application in which the patent is cited as a reference should issue as a patent, whereas the claims provide little if any detailed information and are often overlooked in such a reference document.

9

Alacritech fails to meet the test of facial plausibility required by *Iqbal*, and so fails to state a claim upon which relief can be granted.

## V. CONCLUSION

Approximately one year after the first complaint in this lawsuit was filed, and after two amended complaints, it is clear that Xpoint has failed to state a claim of indirect infringement by Alacritech for which relief can be granted, and Alacritech respectfully requests that the allegations of indirect infringement by Alacritech be dismissed.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Erika R. Caesar
Melanie K. Sharp (No. 2501)
Erika R. Caesar (No. 5143)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

SILICON EDGE LAW GROUP LLP
Thomas W. Lathram
Mark A. Lauer
6601 Koll Center Parkway, Suite 245
Pleasanton, CA 94566
(925) 621-2122

*Attorneys for Defendant Alacritech, Inc.*

Dated: September 7, 2010